## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>QUATRO SYSTEMS, INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 17-16851-MDC |
| LYNN FELDMAN, as Chapter 7 Trustee<br>of the Estate of Quatro Systems, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN O'DONNELL,<br><br><br>Defendant. | Adversary No. 19-_____ |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS

Plaintiff, Lynn E. Feldman, Esquire, the chapter 7 trustee (the "Trustee" or "Plaintiff") for the estate of Quatro Systems, Inc. (the "Debtor"), by and through her undersigned counsel, Duane Morris LLP, hereby files this Complaint against the above-captioned Defendant to avoid and recover approximately $57,975.00 of fraudulent transfers made by the Debtor, pursuant to 11 U.S.C. §§ 544, 548, and 550, and the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. §§ 5101-5110, and to avoid and recover the challenged transfers. In support thereof, the Trustee avers as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

DM3\6078680.1

2.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (H).

3.     Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

4.     This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.   Through this adversary proceeding, Plaintiff seeks entry of a judgment against the Defendant pursuant to: (i) 12 Pa. C.S. §§ 5104 and 5105; (ii) 11 U.S.C. § 544; (iii) 11 U.S.C. § 548; and/or (iv) 11 U.S.C. § 550.

## THE PARTIES

5.     As detailed below, Plaintiff, Lynn E. Feldman, is the chapter 7 trustee for the bankruptcy estate of the Debtor.

6.     The Defendant is an adult individual residing at 1027 Irvington Road, Huntingdon Valley, Pennsylvania, 19006.

7.     As described below, the Defendant received from the Debtor certain transfers which the Trustee alleges were fraudulent, all of which transfers are subject to avoidance and recovery by the Trustee.

## FACTUAL BACKGROUND

**A.     General Background**

8.     On October 6, 2017 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), thus commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

9.     On the Petition Date, the Trustee was appointed as chapter 7 trustee for the Debtor and its estate.

10. Quatro was founded in 1989 and is headquartered in Horsham, Pennsylvania, having a primary business of providing technology logistics, IT infrastructure support, technology/life cycle management, technical support, management information systems advisory services, strategy, consulting, data center and cloud computing services, and product sales.

11. At all relevant times, James G. Chebin ("Chebin") and Michael Kazakevich ("Kazakevich", and together with Chebin, the "Quatro Insiders") were the officers of the Debtor.

12. During the four year period prior to the Petition Date, Quatro made certain transfers to the Defendant for services provided to Quatro in the scope of the Defendant's employment with Quatro.

13. Upon information and belief, certain of these transfers were for actual services provided to Quatro (the "Legitimate Transfers"). Accordingly, the Trustee is not seeking avoidance of the Legitimate Transfers.

14. However, in addition to the Legitimate Transfers, the Quatro Insiders caused the Debtor to make payments to certain third parties, including, the Defendant, on account of services that were either provided for the benefit of a related entity, Interdata Technical Resources, Inc. ("ITR") and/or the benefit of the Quatro Insiders.

15. ITR is not and was not at any relevant time affiliated with the Debtor or its estate, and neither the Debtor not its estate have any interest therein.

**B.      Transfers to Defendant**

16. In addition to the Legitimate Transfers, the Debtor also made additional transfers to the Defendant (each a "Transfer," and collectively, the "Transfers"), as reflected more fully on **Exhibit "A"** attached hereto.

17.     Unlike the Legitimate Transfers, the Trustee believes, and therefore avers, that all of the Transfers were made in connection with services provided by the Defendant for the benefit of either ITR and/or the benefit of the Quatro Insiders.

18.     Despite these Transfers being made in connection with services provided by the Defendant for the benefit of either ITR and/or the Quatro Insiders, all of the Transfers were paid for by the Debtor.

19.     The Transfers conferred no benefit on the Debtor, but rather hastened its demise by further depleting its assets, rendering it more insolvent.

20.     During the four (4) year period prior to the Petition Date, the Debtor made Transfers to the Defendant, which, in the aggregate, totaled $57,975.00.

21.     The amount of each Transfer, the date of each Transfer, and the method of payment of each Transfer are set forth on **Exhibit A**, which is attached hereto and incorporated herein by reference.

## COUNT I
### Avoidance of Transfers Under 12 Pa.C.S. § 5104(a) and 11 U.S.C. § 544(b)

22.     The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

23.     During the four (4) year period immediately preceding the Petition Date, the Debtor made the Transfers to the Defendant.

24.     Each of the Transfers was a transfer of property of the Debtor to the Defendant, and each such Transfer constitutes a "transfer" within the meaning of the Pennsylvania Uniform Fraudulent Transfer Act ("UFTA") and the Bankruptcy Code.

25.     At all times material hereto, the Debtor was insolvent and had at least one creditor prior to making each of the Transfers.

DM3\6078680.1                                          -4-

26. Each time a Transfer occurred, the Debtor was rendered even more insolvent by virtue of that Transfer.

27. Again, as alleged herein, unlike the Legitimate Transfers, the Debtor received no value whatsoever in exchange for the Transfers – let alone reasonably equivalent value – because all value was received by either ITR and/or the Quatro Insiders.

28. Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to 12 Pa.C.S. § 5104(a) and Bankruptcy Code section 544(b) and, as such, they are recoverable from the Defendant pursuant to Bankruptcy Code section 550(a).

29. Despite prior demand, the Defendant has not returned the Transfers (or the monetary equivalent thereof) to the Trustee.

## COUNT II
### Avoidance of Transfers Under 12 Pa.C.S. § 5105 and 11 U.S.C. § 544(a)

30. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

31. Each of the Transfers was a transfer of property of the Debtor to the Defendant made within the four (4) year period immediately preceding the Petition Date, and each such Transfer constitutes a "transfer" within the meaning of the UFTA and the Bankruptcy Code.

32. At all times material hereto, the Debtor had at least one creditor prior to making each of the Transfers.

33. At the time of each of the Transfers, the Debtor was either insolvent or was rendered insolvent as a result of the Transfer.

34. The total of the Debtor's debt has been, and continues to be, greater than its available assets.

35.     For the reasons set forth herein, in exchange for each of the Transfers, the Debtor received no value whatsoever – let alone reasonably equivalent value – as all value was received by either ITR and/or the Quatro Insiders.

36.     Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to 12 Pa. C.S. § 5105, and Bankruptcy Code section 544(a) and, as such, they are recoverable from the Defendant pursuant to Bankruptcy Code section 550(a).

37.     Despite prior demand, the Defendant has not returned the Transfers (or the monetary equivalent thereof) to the Trustee.

### COUNT III
### Avoidance of Transfers Under 11 U.S.C. § 548(a)(1)(B)

38.     The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

39.     Each payment made by the Debtor on behalf of and/or for the benefit of ITR was a "transfer" within the definition of 11 U.S.C. § 101(54)(D)(i) or (ii).

40.     Each of the Transfers was a transfer of property, or of an interest in property, of the Debtor to the Defendant.

41.     As set forth herein, in exchange for each of the Transfers, the Debtor received no value whatsoever – let alone reasonably equivalent value – because, unlike the Legitimate Transfers, any and all value was received by either ITR and/or the Quatro Insiders.

42.     In addition, at the time each of the Transfers was made or such obligation was incurred, the Debtor: (a) was insolvent or became insolvent as a result of the Transfer; or (b) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

43.    Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to Bankruptcy Code section 548(a)(1)(B) and, as such, they are recoverable from the Defendant pursuant to Bankruptcy Code section 550(a).

44.    Despite prior demand, the Defendant has not returned the Transfers (or the monetary equivalent thereof) to the Trustee.

## COUNT IV
### Recovery of Transfers Under 11 U.S.C. § 550

45.    The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

46.    The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 544 and 548.

47.    As set forth on **Exhibit A**, the Defendant was the initial transferee of each of the Transfers or the entity for whose benefit the Transfers were made or, alternatively, the immediate or mediate transferee of such initial transferee, and is liable for the return of the Transfers (or the amount thereof).

48.    Pursuant to Bankruptcy Code section 550(a), the Trustee is entitled to recover from the Defendant the Transfers or the amount thereof plus interest thereon to the date of payment as well as costs of this action.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the Trustee requests entry of judgment in her favor and against the Defendant as follows:

(a)    On Counts I, II and III, judgment in favor of the Trustee and against the Defendant and an Order avoiding the Transfers, or the value thereof;

(b)    On Count IV, judgment in favor of the Trustee and against the Defendant and an

Order directing the Defendant to return to the Plaintiff the amount of the Transfers pursuant to

Bankruptcy Code sections 544, 548, and 550(a);

(c)    Awarding prepetition and postpetition interest on the amounts owed by the

Defendant to the full extent allowable under applicable law; and

(d)    Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 23, 2019

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (PA I.D. 56029)
30 South 17th Street
Philadelphia, PA 19103
Telephone:    (215) 979-1514
Facsimile:    (215) 979-1020
Email: ljkotler@duanemorris.com

*Counsel to Lynn E. Feldman, Esquire, the*
*Chapter 7 Trustee for the Debtor's Estate*